IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BARBARA WELLS, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:08-cv-50241 |
| vs. ) | |
| ) | District Judge Reinhard |
| AFFILIATED COMPUTER SERVICES, INC. ) | |
| ) | Magistrate Judge Mahoney |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

The Defendant, Affiliated Computer Services, Inc. ("ACS" or "the Company"), submits this brief in support of its Motion to Dismiss.

**INTRODUCTION**

The Plaintiff, Barbara Wells ("Wells"), filed this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* ("ERISA"), alleging that she was a beneficiary of an employee health insurance plan administered by ACS and that the Company wrongfully denied her ERISA rights when it allegedly cancelled her health insurance coverage without proper notice and failed to provide her the opportunity to continue her coverage under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.* ("COBRA").[1]

---

[1] COBRA amended ERISA and, in pertinent part, requires a plan administrator or an employer who sponsors a group health plan to give the plan's "qualified beneficiaries" notice of their right to elect "continuation coverage" under the plan, at their own expense, when the beneficiaries might otherwise lose coverage upon the occurrence of certain "qualifying events," including divorce from a covered employee. 29 U.S.C. §§ 1161, 1163.

ACS asserts that Wells' lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Wells signed a Settlement Agreement and General Release ("the Agreement") that clearly waives her right to bring this suit, thus rendering her unable to state a plausible claim for relief. (See Agreement, attached as Exhibit 1.)

## STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) provides that a Complaint, or any particular claim contained within a Complaint, is subject to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff is obligated to provide the grounds of her entitlement to the relief requested in the Complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); Wiltse v. Discover Fin. Servs., No. 07 CV 7073, 2008 U.S. Dist. LEXIS 60583, at *5-*6 (N.D. Ill. July 22, 2008) (attached as Exhibit 2). As noted by the Seventh Circuit, in order to avoid dismissal, a plaintiff's allegations must *plausibly* suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." Bell Atlantic, 550 U.S. at 556; E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007); see Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that the Supreme Court in Bell Atlantic "retooled federal pleading standards" such that a Complaint must now contain "enough facts to state a claim to relief that is plausible on its face"). Otherwise, the Complaint is subject to dismissal. Bell Atlantic, 550 U.S. at 556.

Federal Rule of Civil Procedure 12(d) provides that when, in a Rule 12(b)(6) motion, a matter outside the pleadings (here, the Agreement) is presented and not excluded by the court, the motion is treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.

**DISCUSSION**

**1. Wells Has Waived Her Claims**

The Seventh Circuit has repeatedly held that ERISA claims, such as those asserted by Wells, may "knowingly and voluntarily" be waived in exchange for valuable consideration. Pierce v. Atchison, Topeka & Santa Fe Ry. Co., 65 F.3d 562, 570 (7th Cir. 1995); see Licciardi v. Kropp Forge Emp. Ret. Plan, 900 F.2d 979, 981-83 (7th Cir. 1993) (holding that a settlement agreement providing for payments to plaintiff-employee and containing a waiver of claims released the defendant-company from all claims and barred plaintiff's subsequent ERISA claim); Fair v. Int'l Flavors & Fragrances, Inc., 905 F.2d 1114, 1116 (7th Cir. 1990) (holding that general release and waiver applied to all of plaintiff's claims, and specifically stating that "we see no reason why the covenant not to sue does not apply to [the plaintiff's] ERISA claim as well"); Howell v. Motorola, Inc., No. 03 C 5044, 2005 U.S. Dist. LEXIS 22137, at *14 (N.D. Ill. Sept. 30, 2005) (attached as Exhibit 3); Isbell v. Allstate Ins. Co., No. 01-CV-00252-DRH, 2003 U.S. Dist. LEXIS 21412, at *21-*22 (S.D. Ill. Nov. 25, 2003) (attached as Exhibit 4) (holding that plaintiff waived ERISA claims as a matter of law by signing release and waiver)[2]; Mahaffey v. Amoco Corp., No. 93 C 4587, 1995 U.S. Dist. LEXIS 13766, at *62-*63 (N.D. Ill. Sept. 8, 1995) (attached as Exhibit 5).

In determining whether a general waiver and release are sufficient for a plaintiff's ERISA claims to be deemed knowingly and voluntarily waived, Illinois courts[3] rely on standard state-law

---

[2] Rev'd in part on other grounds, 418 F.3d 788 (7th Cir. 2005).

[3] Illinois law indisputably governs the parties' Agreement. (Exh. 1, at p. 3, ¶ 6.) But even if federal common law, which does play a role in some types of ERISA waivers (such as those involving a beneficiary's waiver of interest to benefits provided by an ERISA plan), is deemed to apply to the Agreement, the end result is the same: Wells has validly and undisputedly waived her

principles of contract interpretation. Renaldi v. Sears Roebuck and Co., No. 97 C 6057, 2001 U.S. Dist. LEXIS 3536, at *50-*51 (N.D. Ill. Mar. 21, 2001) (attached as Exhibit 7) (holding that general principles of contract interpretation govern whether a general release and waiver are enforceable). In accordance with those principles, Illinois courts initially determine whether the terms of the subject agreement are ambiguous. Brieger v. Tellabs, Inc., 473 F. Supp. 2d 878, 885 (N.D. Ill. 2007). If the subject agreement is not ambiguous, then the court simply enforces the agreement's terms as written without referring to extrinsic evidence. Bowles v. Quantum Chem. Co., 266 F.3d 622, 633-35 (7th Cir. 2001); Grun v. Pneumo Abex Corp., 163 F.3d 411, 420 (7th Cir. 1998) (holding that "as a general rule, an unambiguous contract should be construed without reference to extrinsic evidence" and that "[i]f the language of the contract provides an answer, then the inquiry is over; parol evidence is neither necessary nor admissible."); Renaldi, 2001 U.S. Dist. LEXIS 3536, at *53 (enforcing waiver and holding that subject agreement was not ambiguous when it "clearly release[d] Sears and its employees from all liability, claims for relief, and causes of action arising from or connected with [the plaintiff's] employment at Sears").

---

claims. Under the Seventh Circuit's federal common law standard, before a beneficiary may validly waive her interest in an ERISA-regulated benefits plan, any such waiver of rights must be deemed to have been "explicit, voluntary, and made in good faith" — a standard strikingly similar to the Illinois state law "knowing and voluntary" standard that is at issue in this case. Minnesota Life Ins. Co. v. Hamilton, No. 07-cv-0056, 2008 U.S. Dist. LEXIS 26514, at *11-*12 (S.D. Ill. Apr. 2, 2008) (attached as Exhibit 6); see Melton v. Melton, 324 F.3d 941, 945-46 (7th Cir. 2003) (holding that, under federal common law standard, courts are "more concerned with whether a reasonable person would have understood that she was waiving her interest in the proceeds or benefits in question than with any magic language contained in the waiver itself."); cf. Smart v. The Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 181-82 (1st Cir. 1995) (holding, in case involving purported waiver of ERISA benefits (and not claims), that waivers must be "knowing and voluntary" under federal common law standard).

For instance, in Renaldi, because there was no evidence that the plaintiff did not make a knowing waiver of all claims in exchange for the benefits that he received under a severance agreement, the court found that the language of the release was unambiguous and that the plaintiff had therefore knowingly and voluntarily waived all claims, including an ERISA claim against Sears; so the case was dismissed. Id. at *52-*53. Likewise, in Howell, the court upheld a general release and dismissed the plaintiff's claims, ruling that the plaintiff had knowingly and voluntarily waived any potential ERISA claims because the subject release stated that it applied to "any and all" causes of action, including ERISA claims, and the plaintiff had received additional consideration in exchange for the waiver. Howell, 2005 U.S. Dist. LEXIS, at *20-*21.

In the instant case, it is undisputed that Wells signed the Agreement on January 22, 2008 — 12 days after ACS signed it (which shows that she was not rushed) and, more importantly, *more than three months after she actually and admittedly was aware of the ERISA claim that she now seeks to assert in this suit*. (See Compl. at p. 3, ¶ 12, which contains Wells' admission that her alleged claim accrued on October 15, 2007.) The Agreement provides, in unambiguous language, that Wells — who received consideration in the amount of $4,000 in exchange for signing the Agreement — waives "any and all" claims that she "now has, owns, or holds or which [she] at any time previously held."[4] (Exh. 1, at p. 1, ¶ 3.) Even better, the Agreement specifically mentions ERISA by name, with Wells agreeing that "[a]s a material inducement to [ACS] to enter into this Agreement, [Wells]

---

[4] Such broad language has repeatedly been held to be sufficient to effect a knowing and voluntary waiver of the signer's ERISA claims. See, e.g., Howell, 2005 U.S. Dist. LEXIS, at *20-*21 (holding that "any and all" language, identical to the language appearing in the Agreement in the case *sub judice*, is sufficiently broad to waive ERISA claims); Renaldi, 2001 U.S. Dist. LEXIS 3536, at *53.

hereby irrevocably and unconditionally releases, acquits and forever discharges and covenants not to sue [the Company] . . . [on] all Claims under the Employee Retirement Income Security Act of 1974 . . . ." (Exh. 1, at p. 1, ¶ 3.)

The Court also should note that the Agreement at issue is not a run-of-the-mill agreement/ waiver but, instead, an agreement/waiver that complies with the Older Workers' Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). The OWBPA was designed to protect employees like Wells, and in accordance with the OWBPA, the Agreement provided as follows:

- Wells was given 21 days to consider whether to sign the Agreement.
- She was informed of her right to counsel; in fact, she was specifically advised by the Company to consult with an attorney prior to signing the Agreement.
- She was given 7 days to revoke her execution of the Agreement.

(Exh. 1, at pp. 2-3, ¶¶ 5, 7.) Those extra protections within the Agreement only buttress the Company's position that Wells' waiver was nothing short of fair and informed.

In sum, despite having signed the Agreement and, in the process, knowingly and voluntarily waiving any ERISA claim in exchange for a $4,000 payment from ACS, Wells has filed this suit, asserting an ERISA claim against ACS. Pursuant to the above-cited authorities, Wells has clearly and unambiguously waived this matter, so the Court should dismiss this case.

### 2. ACS Should Be Awarded Attorneys' Fees

#### a. Fees Should be Awarded Pursuant to ERISA

29 U.S.C. § 1132(g)(1) explicitly permits attorneys' fees to be awarded "to either party" in ERISA cases, in the court's discretion. Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 670

(7th Cir. 2007). In Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 828-30 (7th Cir. 1984), the Seventh Circuit held that either party — plaintiff or defendant — who prevails in an ERISA action may be entitled to such an award unless the losing party's position, though unsuccessful, had "substantial justification." See Sullivan, 504 F.3d at 671-72 (adopting the Bittner "substantial justification" test and noting that previously used "five factor" test "perhaps has outlived its usefulness"). In other words, the Seventh Circuit recognizes a "modest, rebuttable presumption" in favor of awarding fees to the prevailing party in an ERISA action, but has cautioned that "[a]n award of fees to a successful defendant may be denied if the plaintiff's position was both 'substantially justified' — meaning something more than non-frivolous, but something less than meritorious — and taken in good faith, or if special circumstances make an award unjust." Senese v. Chicago Area I.B. of T. Pension Fund, 237 F.3d 819, 826 (7th Cir. 2001); Land v. Bartlow Bros., No. 06-3278, 2008 U.S. Dist. LEXIS 39442, at *2-*3 (C.D. Ill. May 15, 2008) (attached as Exhibit 8).

Here, given the clarity of the law regarding the feasibility of waivers of ERISA claims in the Seventh Circuit, the unambiguous language in the parties' Agreement regarding the ERISA waiver, and the undisputed fact that Wells signed the Agreement *after* she was aware of the alleged claim now asserted by her in this suit, Wells' position in this litigation is clearly not "substantially justified." In fact, it is the opposite. Accordingly, the Court should award fees to ACS.

### b. Fees Should be Awarded Pursuant to the Parties' Agreement

In addition to an award of fees being justified under ERISA, the parties' Agreement states that Wells "shall" indemnify the Company for any and all incurred attorneys' fees arising out of "any breach" of the Agreement by her. (Exh. 1, at p. 2, ¶ 5.)

Wells has indisputably breached the Agreement by bringing this action, which is clearly barred by the Agreement.[5] Accordingly, pursuant to Illinois law, because the plain language of the parties' Agreement calls for Wells to indemnify ACS for any and all incurred attorneys' fees arising out of her present breach of the Agreement, the Court should award the Company its attorneys' fees in this matter. See, e.g., Bowles v. Quantum Chem. Co., 266 F.3d 622, 636 (7th Cir. 2001) (holding that party was entitled to fees as "a matter of contract interpretation, not a matter of discretion" in ERISA case when the plain language of the parties' agreement entitled that party to attorneys' fees); Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 814, 818 (7th Cir. 1997) (awarding party attorneys' fees under provision of parties' agreement granting that party "all reasonable legal fees and expenses actually incurred," without regard to whether award of statutory fees under ERISA would be justified).

In accordance with the foregoing authorities and in light of Wells' clear breach of the parties' Agreement as well as the unambiguous language in the Agreement stating that Wells *shall* pay ACS' fees arising out of any breach of the Agreement by her, the Company is entitled to an award of attorneys' fees in its favor.

## **CONCLUSION**

The Court should dismiss this action pursuant to Rule 12(b)(6) and award attorneys' fees to ACS.

---

[5] Under Illinois law, a breach of contract is defined as a "[v]iolation of a contractual obligation, either by failing to perform one's own promise or by interfering with another party's promise." S.P. Richards Co. v. Business Supply Corp., No. 07 CV 1753, 2008 U.S. Dist. LEXIS 83618, at *7 (N.D. Ill. Sept. 5, 2008) (attached as Exhibit 9); Chapman v. Engel, 865 N.E.2d 330, 333 (Ill. App. Ct. 1st Dist. 2007).

Respectfully submitted,


/s/ Benjamin H. Banta
Benjamin H. Banta (IL # 6271908)
**The Kullman Firm, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: bhb@kullmanlaw.com
**LEAD/TRIAL COUNSEL FOR DEFENDANT**

Brent A. Swanson (IL # 2783185)
Jana L. Brady (IL # 6281390)
**Heyl, Royster, Voelker & Allen**
120 W. State Street
Second Floor, National City Bank Building
Rockford, IL 61105
Telephone: (815) 963-4454
**LOCAL COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on February 19, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Matthew M. Litvak (litvakmatt@cs.com)


/s/ Benjamin H. Banta
Counsel for Defendant