UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA WELLS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | 08 CV 50241 |
| ) | |
| AFFILIATED COMPUTER SERVICES, ) | |
| INC., ) | |
| ) | |
| DEFENDANT ) | |

TO

| | |
|---|---|
| Benjamin H. Banta<br>The Kullman Firm, P.L.C.<br>1100 Poydras Street, Suite 1600<br>New Orleans, LA 70163<br>By ECF | Brent A. Swanson<br>Heyl, Royster, Voelker & Allen<br>120 W. State Street, 2nd Floor,<br>Rockford, IL 61105<br>By ECF |

**NOTICE OF FILING**

Please take notice that the Plaintiff has filed a brief in response to the Defendant's motion to dismiss with the clerk of the court on April 15, 2009, copies of which are attached and served upon you.

**CERTIFICATE OF SERVICE**

Matthew M. Litvak, an attorney, certifies that copies of the foregoing were served upon the above named persons pursuant to ECF on April 15, 2009.

/S/Matthew M. Litvak
Matthew M. Litvak, Esq.
155 N. Harbor Drive
Suite 4301
Chicago, IL 60601-7324
3312-337-8131
FAX 240-0405
Atty #6208529

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA WELLS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | 08 CV 50241 |
| ) | |
| AFFILIATED COMPUTER SERVICES, ) | |
| INC., ) | |
| ) | |
| DEFENDANT ) | |

**PLAINTIFF'S BRIEF IN REPLY TO THE DEFENDANT'S MOTION TO DISMISS**

**I.     Introduction.**

Wells' ERISA claim against ACS is based on her status as a beneficiary to a health insurance plan provided to her then husband by ACS. Wells claims that ACS failed to give her proper statutory notice of her right to continuation of coverage as a beneficiary under her husband's health insurance plan after a qualifying event; the termination of her then husband's employment with ACS.

ACS responds that Wells' claim is defeated by other affirmative matter and points to a "General Release" that Wells signed when she was employed by Primax Recoveries, Inc. ACS is the successor to Primax. The "General Release" arose out of an ADEA complaint Wells filed with the EEOC against Primax. The "General Release" dealt with Wells' voluntary separation of employment with Primax under which she was to receive $4,000 in exchange for the release of any claims arising out of her employment with Primax including claims under ERISA as an employee participant in Primax's health insurance plan.

2

II.     **Standard of Dismissal**

ACS asks this court to treat the "General Release" that Wells signed as an employee of Primax as an affirmative defense that defeats her claim as a beneficiary to the health insurance plan provided to her ex-husband by his employer, ACS. A release of contractual rights is a recognized affirmative defense under Rule 8(c)(1).

Despite the fact that ACS has filed a motion under 12(b)(6) for dismissal and in doing so that normally precludes a defendant from going beyond the complaint or documents that were attached to the complaint, Hecker v. Deere & Co., 556 F.3d 575, 588 (7th Cir. Wis. 2009), the parties have agreed to allow this court to determine whether the "General Release" that ACS has attached to its motion provides an affirmative defense that defeats Wells' claim as a beneficiary to a health insurance plan provided to her ex-husband by ACS under ERISA.

Because ACS raises the "General Release" as an affirmative defense, ACS bears the burden of conclusively establishing its affirmative defense to a claim for relief under ERISA. Abrams v. Van Kampen Funds, Inc., 2004 U.S. Dist. LEXIS 11730 (N.D. Ill. June 24, 2004).

III.    **Because the Release Signed by Wells Did Not Specifically Address Her Rights as a Beneficiary to the Health Insurance Plan Provided by Acs to Her Husband it Did Not Divest Her of Those Rights.**

The "General Release" entered into by Wells and Primax dealt with her rights to COBRA coverage as a plan participant arising out her employment and was not a waiver of her rights as a beneficiary of her spouse who was an employee of ACS and a participant in a separate plan.

The subject and purpose of the "General Release" was to resolve an EEOC claim for age discrimination under the ADEA that she had brought against Primax, her then employer.

3

The "General Release" as stated by the Defendant provides:

"As a material inducement to enter into this agreement, Wells hereby irrevocably and unconditionally releases, acquits and forever discharges and covenants not to sue Primax on all Claims under the Employee Retirement Income Security Act of 1974"

The ERISA rights that form the basis of Wells' suit arise out her marriage to her former spouse who was an employee of ACS and the Act specifically defines her rights as a spouse as being separate from that of a covered employee.

"(3) Qualified beneficiary.(A) In general. The term "qualified beneficiary" means, with respect to a covered employee under a group health plan, any other individual who, on the day before the qualifying event for that employee, is a beneficiary under the plan(i) as the spouse of the covered employee." 29 USCS § 1167

The right to benefits that Wells complains ACS deprived her of did not arise out her employment by Primax but were derived from her marriage to an ACS employee.

The rule adopted by the 7th Circuit in determining whether a beneficiary of an ERISA regulated plan has waived an interest under that plan:

"[R]equires proof of a specific termination of the rights in question in order to effectively waive a beneficiary's interest under an ERISA-regulated plan. Another formulation of this principal mandates that an attempted waiver by a designated beneficiary of an ERISA-regulated benefits plan be explicit, . . . to be considered valid. Essentially, when we are evaluating whether the wavier is effective in a given case, we are more concerned with whether a reasonable person would have understood that she was waiving her interest in the proceeds or benefits in question. Melton v. Melton, 324 F.3d 941, 945-946 (7th Cir. 2003). (The court must "scrutinize an ostensible waiver with care in order to ensure that it reflects the purposeful relinquishment of an employee's rights.")."

At least three district courts in this circuit when determining whether a waiver of benefits under ERISA is enforceable have focused on whether the beneficiary had specifically waived the benefits at issue.

"[A] court must concern itself more with whether a reasonable person would have understood that she **was waiving her expectancy interest in the proceeds or**

4

**benefits in question** rather than with any "magic language" contained in the waiver itself. <u>Fox v. Special Agents Mut. Benefit Ass'n</u>, 2006 U.S. Dist. LEXIS 74487 (S.D. Ind. Sept. 19, 2006) (Emphasis added)

"To waive rights under ERISA, a plan participant must do so knowingly" and that the court must "scrutinize an ostensible waiver with care in order to ensure that it reflects the purposeful relinquishment of an employee's rights" <u>Craig v. Smith</u>, 2009 U.S. Dist. LEXIS 5727, 20-21 (S.D. Ind. Jan. 26, 2009).

Thus, the proper inquiry is whether the beneficiary waived their interest in the rights at issue or signed a release whose scope is ambiguous. <u>West v. Ill. State Bd. of Educ.</u>, 2007 U.S. Dist. LEXIS 85716 (N.D. Ill. Nov. 20, 2007). Because of the important statutory goals of ERISA, if the court cannot conclude that the waiver specifically addressed the rights that are being claimed under a plan, then there was not a waiver of those rights. *Id.*

These three cases make clear that their must be a purposeful waiver of specific rights that are identified in the agreement in order to effectively waive ERISA benefits.

Wells signed a "General Release" with her employer, Primax, for wages, rights and benefits that arose out of her employment. The "General Release" says nothing about her benefits as the spouse of a covered employee and is therefore ambiguous because its scope is not defined.

When determining whether a person has knowingly waived a federal statutory right the Supreme Court is no less clear on the both the level of scrutiny and the necessity of language in the agreement which indicates that the specific right is the subject of the agreement.

"We will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." <u>Wright v. Universal Mar. Serv. Corp.</u>, 119 S. Ct. 391, 396 (U.S. 1998).

These cases make clear that in order for a waiver to be valid, the language of the agreement must identify the benefit being relinquished. Each of the cases focus on the "rights in question", "beneficiaries interest" and "understood that she was waiving her

5

interest in the proceeds or benefits in question." This is not a careless selection of language used to fill blank space on a paper to create an opinion. It is a careful selection of words the import of which is that the waiver must identify the interest being waived so that the person signing the waiver understands what rights and benefits they are bargaining away.

The "General Release" made no mention of or reference to Wells' right and benefits under the terms of the health insurance plan provided to her then husband as an employee of ACS.

ASC's motion should be denied.

**IV.     ACS Is Not Entitled to Fees Because Wells' Claim Is Meritorious.**

The 7th Circuit test for awarding attorney's fees to a prevailing defendant in an ERISA action is whether "the plaintiff's position was both "substantially justified"--meaning something more than non-frivolous, but something less than meritorious--and taken in good faith." Senese v. Chicago Area Int'l Bhd. of Teamsters Pension Fund, 237 F.3d 819, 826 (7th Cir. 2001).

In this case, the Plaintiff's position is hardly frivolous. Her claim for benefits arose out of her status as a beneficiary under a health care plan provided to her then husband. ACS responds by pointing to a release whose subject was her employment and the ERISA benefits that she had as a plan participant by virtue of her employment by Primax. The release does not mention her rights or benefits under her husband's plan. As the cases that the Plaintiff has cited make clear, any waiver must specifically identify the right or benefit that is being released. The release Wells signed dealt with her employment and mentions her ERISA benefits arising out of that employment.

Moreover, the Defendant has not cited any cases that go beyond a generalization of the effect of a general release and which address a specific situation analogous to the instant case. In other words, the contours of what ACS claims the law should be to the instant factual situation is not so clearly defined as to tell Wells that her position is less than meritorious.

The Defendant's request for fees should be denied.

**V.     Wells Did Not Violate the Terms of the "General Release" by Seeking to Enforce Her Rights as a Beneficiary under Her Husband's Health Care Plan.**

The "General Release" that Wells entered into as part of her separation of employment from Primax obligated her to pay attorney's fees in the event that she violated a provision that obligated her to forebear from committing a specific act. Wells filed a suit to enforce her rights as a beneficiary to a health care plan provided by her then husband's employer, ACS. Her obligation to Primax was not to file suit to enforce any rights that arose out of a health insurance plan provided to her by her employment by Primax; rights which she had bargained away.

The Defendant's request for fees should be denied.

/s/ Matthew M. Litvak
Matthew M. Litvak, Esq.
155 N. Harbor Drive
Suite 4301
Chicago, IL 60601-7324
312-337-8131
FAX 240-0405
Atty #6208529