# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50241 | **DATE** | 1/22/2010 |
| **CASE TITLE** | Barbara Wells vs. Affiliated Computer Services Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion for summary judgment is denied. In light of this decision, defendant's request for attorneys' fees is also denied. The parties are directed to schedule a settlement conference with the magistrate judge or provide for mediation within 28 days.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT

Plaintiff, Barbara Wells, brings this action against defendant, Affiliated Computer Services, Inc., alleging a violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1132 et seq. ("ERISA"). Plaintiff contends defendant cancelled her health insurance coverage without proper notice and failed to provide her the opportunity to continue her coverage as required by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. ("COBRA"). Jurisdiction is proper under 28 U.S.C. § 1331. Defendant moves for summary judgment arguing that the plain terms of a Settlement Agreement and General Release ("the Agreement") entered by the parties clearly waives plaintiff's right to bring this action.

Neither party disagrees with any of the facts set forth in the other's LR56.1 statement of facts. Plaintiff is a former employee of Primax Recoveries, Inc. ("Primax"). Defendant is the successor corporation to Primax. Plaintiff and defendant entered a settlement agreement and general release ("Agreement") executed by defendant on January 10, 2008, and by plaintiff on January 22, 2008. The Agreement contains a waiver and release of all claims, including (in clause 3 (b)) a waiver and release of all claims under ERISA. That Agreement contains the terms of the separation of Wells' employment from Primax.

Plaintiff was employed by Primax from November 2004, until March 31, 2005. During her employment, plaintiff did not participate in either the health insurance plan or 401k plan offered by Primax. From February 2000 through August 8, 2007, plaintiff was married to Ronald Wells. Ronald was employed by defendant between 1999 and June 2007. Plaintiff was granted benefits as the spouse of Ronald under a health insurance plan offered by defendant, as Ronald's employer. Plaintiff's marriage to Ronald was dissolved on August 8, 2007. On or about that date, plaintiff sent ACS notice of the marriage dissolution and requested information about the continuation of health insurance benefits as the former spouse of an employee of defendant. On or about October 15, 2007, plaintiff became aware of potential ERISA claims she might assert against defendant related to this health insurance plan. Her claims relate to defendant's alleged cancellation of her health care benefits under her ex-husband's plan without proper notice and an opportunity to continue coverage under COBRA.

The Agreement provided defendant would pay plaintiff the sum of four thousand dollars. Plaintiff released defendant from any and all claim "of any nature whatsoever, known or unknown" against defendant "including, but not limited to, (a) all claims of Age Discrimination under the Age Discrimination in Employment Act of 1967 or any similar state statute; (b) all claims under [ERISA] . . . (f) all Claims related to [plaintiff's] employment with Primax." Plaintiff agreed to dismiss or withdraw any administrative claim she had filed related to her employment with Primax including a specifically identified EEOC claim. Plaintiff negotiated with defendant over the Agreement's ERISA waiver and release clause and it was ultimately included in the Agreement executed by the parties.

Defendant argues the Agreement serves as a release of plaintiff's claim in this action that defendant cancelled her health insurance coverage without proper notice and failed to provide her the opportunity to continue her coverage as required by COBRA. Plaintiff argues the release does not cover her claim in this case, which is based on her status as a beneficiary under her ex-husband's health insurance plan, because the Agreement was a settlement of her unrelated age discrimination claim. The Agreement provides it is to be governed by and construed in accordance with Illinois law.

A release is a contract and is governed by contract law. Farm Credit Bank of St. Louis v. Whitlock, 581 N.E.2d 664, 667 (Ill. 1991). The intention of the parties to a contract "must be determined from the instrument itself, and construction of the instrument where no ambiguity exists is a matter of law." Id. A contract is ambiguous if it can be understood in more than one sense. Id. Once a court finds a contract ambiguous, its construction is a question of fact and parol evidence is admissible to ascertain the parties' intent. Id. When considering a release, when "the releasing party was unaware of other claims, Illinois case law has restricted general releases to the specific claims contained in the release agreement." Id. "[B]ecause words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others." Gallagher v. Lenart, 874 N.E.2d 43, 58 (Ill. 2007).

Reading the Agreement as a whole, it is evident it was directed toward resolving claims arising from plaintiff's employment. Plaintiff is referred to as "Employee" throughout the Agreement. The paragraph containing the release language specifically lists all claims of age discrimination under the ADEA, all employment or discrimination claims under state law, all claims of unlawful discrimination based on age, sex, race, etc., all claims of wrongful discharge, retaliation, breach of any implied or express employment contract, and all claims related to plaintiff's employment with Primax. All of these specifically described claims relate to plaintiff's employment. The phrase, "all Claims under the Employee Retirement Income Security Act of 1974," which defendant says releases it from liability for plaintiff's current claim against it, is included amongst other language relating to claims arising from plaintiff's employment with Primax. Construing this language as a whole, and considering the context in which the reference to ERISA is made, the Agreement cannot be said to unambiguously release plaintiff's claim concerning her rights under her ex-husband's health plan. That claim is unrelated to plaintiff's employment with Primax and it is these employment-related claims that the Agreement unambiguously releases.

However, taken as a whole, the Agreement does not unambiguously exclude plaintiff's claim under her ex-husband's health plan from release either. While the context would tend to indicate it was only her employment-related claims that were intended to be released, the phrase included in the Agreement says all claims under ERISA are being released. The use of the term "all claims" in a context that otherwise suggests "only employment-related claims" creates an ambiguity. Defendant offers in its statement of facts certain facts it claims show the parties intended to release plaintiff's claim related to her ex-husband's health plan, as well as her employment-related claims. Because the Agreement is ambiguous on this issue, the court will consider parol evidence.[1] See Whitlock, 581 N.E.2d at 667.

Defendant submits in its LR56.1 statement of facts that "[o]n or about October 15, 2007, at the latest, [plaintiff] became aware of potential ERISA claim(s) she might assert." Def. LR56.1 (a) (3), ¶ 8. "[Plaintiff,] invoking her counsel, negotiated directly with [defendant] over the Agreement's ERISA waiver and release

| STATEMENT |
|---|

clause." <u>Id.</u> ¶ 9. "The ERISA waiver and release clause was included in the final Agreement." " <u>Id.</u> ¶10. Plaintiff does not dispute these facts but they are not sufficient to entitle defendant to summary judgment.

     Plaintiff alleges in her complaint that she did not learn until on or about October 15, 2007, that her health coverage had been cancelled and that it was cancelled in violation of COBRA's requirement that she be given notice and an opportunity to continue coverage. It is this allegation from the complaint that defendant cites to support its statement of fact that plaintiff learned she had a potential ERISA claim at least on or about October 15, 2007. The other facts cited by defendant merely show plaintiff asked to strike the ERISA-claim-release clause from the Agreement and that she ultimately signed the Agreement with that clause included. Defendant's statement of facts, and the parts of the record it cites supporting those facts, does not show the negotiations related to the ERISA-claim-release clause had anything to do with her claims under her husband's health plan. They merely show plaintiff asked to strike the clause and ultimately entered the Agreement without the clause having been stricken. To grant defendant summary judgment on these facts would require the court to draw the inference that the COBRA violation was the subject of the negotiation related to the ERISA-claim-release clause. On summary judgment, all inferences must be drawn in favor of the nonmoving party. The court cannot infer the parties were negotiating about the alleged COBRA violation and resolved that negotiation by plaintiff agreeing to release that claim based on the facts the court has been given to work with.

     For the foregoing reasons, defendant's motion for summary judgment is denied. In light of this decision, defendant's request for attorneys' fees is also denied. The parties are directed to schedule a settlement conference with the magistrate judge or provide for mediation within 28 days.

---

1. Since the case is before the court on summary judgment, the only parol evidence that will be considered are undisputed facts as set forth in the parties' LR56.1 statements of fact.